CRESTON APARTMENTS CORPORATION, Respondent, *v.* PHILIP GERTLER ELECTRICAL CONTRACTING Co., INC., Appellant.

First Department, May 29, 1930.

*Arthur Miller* of counsel [*George M. Glassgold*, attorney], for the appellant.

*Joseph Goldfein* of counsel [*Lewis Nadel* with him on the brief], for the respondent.

McAVOY, J.   Defendant brought four law actions against plaintiff here for labor and materials — three in the Municipal Court and one in the City Court.

Plaintiff sues in equity in this action to have defendant specifically perform four so-called " preliminary " agreements by executing four further agreements in the same form and manner as one which had theretofore been executed by the parties on a former electrical installation performed by defendant for plaintiff.   As further relief the plaintiff asks that the prosecution of the actions in the inferior courts be enjoined until the determination of the suit here for specific performance, and that the time of plaintiff as defendant in the City Court action be extended until ten days after service of

a copy of the judgment in this action. This relief was sought so that defenses might be provided under the new contracts and set up in the law actions. Such an injunction order was granted except as to the relief of extending time to answer the City Court action.

Defendant moved to dismiss this complaint because it failed to state a cause of action and to strike out irrelevant paragraphs. This motion under the law of the case rule and on the court's own opinion of its sufficiency was denied. We conclude that these orders should not have been made.

If the rights plaintiff asserts exist under the " preliminary " contracts they may be enforced without further execution of additional agreements. If they do not exist thereunder equity will not attempt to provide for specific performance of contracts which will create them by imposing additional duties upon the party sought to be so charged.

In any event a remedy at law by defense to these inferior court suits or avoidance through legal process exists under the present rules and practice, and thus the invocation of the specific performance remedy and the injunction mandate was unnecessary.

The orders should be reversed, with ten dollars costs and disbursements, the motion for a temporary injunction denied, with ten dollars costs, and the motion to dismiss the complaint granted, with ten dollars costs.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Orders reversed, with ten dollars costs and disbursements; the motion for a temporary injunction denied, with ten dollars costs, and the motion to dismiss the complaint granted, with ten dollars costs.