MARIA MAZZANOBILE, Appellant, v. EDWARD P. MCCAFFREY, as Commissioner of Licenses of the City of New York, et al., Respondents.

*Per Curiam.*   Plaintiff, operator of a stand abutting premises 300 East 26th Street, New York, appeals from an order denying her motion for a preliminary injunction or stay pending determination of the action.

The stand in question has been at the location herein for about fifty years; plaintiff has had continuous use of it for eighteen years including the right to use and the actual use of part of the basement of the building in question for storage purposes in connection with the stand; pipes extend from the building and furnish heat and water; the abutting owner has been collecting rent from plaintiff as a tenant on a month to month basis; and the tenant offered to pay the rent in September, 1951, but defendant, Cottone, the abutting owner, refused to accept it.

In view of the length of time the stand has been operated in the location in question, no harm will result to defendants from a stay pending trial but denial of a stay will result in irreparable injury to plaintiff summarily depriving her of the stand and the business without a hearing.

In view of the unusual state of facts disclosed and on condition that plaintiff offers to pay all rent accrued, the order appealed from should be reversed, with one bill of $20 costs and disbursements to plaintiff-appellant and the motion granted pending trial and determination of all issues in the action. Settle order.

PECK, P. J. (dissenting).   Ordinarily I would not dissent from an order preserving the *status quo* pending a trial.   I am impelled to dissent here because of the implication in the decision that there are triable issues, when I think there are none and that as a matter of law, on the basis of the facts alleged by plaintiff, she has no right to maintain her stand without the consent of the abutting owner.   Her occupancy of a stand on the city's sidewalk is not a " tenancy " protected by the rent laws.   The abutting owner was within her right in revoking her consent to the operation of the stand, and upon such revocation the commissioner of licenses was required to revoke the license for

the stand. By the instant order and opinion, in my view, the court is putting the parties to a pointless trial and doing a disfavor to the plaintiff, for whom we all have sympathy, in encouraging her to further expense and effort against the inevitable end already properly reached by Special Term in the opinion and order appealed from. I therefore dissent and vote to affirm.

Dore, Shientag and Bergan, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents and votes to affirm, in opinion in which Cohn, J., concurs.

Order reversed, with one bill of $20 costs and disbursements to appellant. Settle order on notice.