Morris Eder, J.
Motion to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action is granted.
The complaint alleges that defendant is the landlord of premises No. 65 University Place, this city; that since October 1, 1946, plaintiff has been and still is lessee of a portion of said premises, pursuant to a written lease, for the operation of a restaurant and bar; that said lease, as modified pursuant to an agreement dated January 7, 1949, provides in part for the leasing of said premises to plaintiff for the operation of a restaurant and bar until October 31, 1964; that since October 1, 1946 plaintiff has operated and still is operating a restaurant and bar in said premises.
It is then alleged, in paragraph Sixth of the complaint, that a substantial and material part of plaintiff’s said restaurant business “is the operation of a sidewalk cafe”, which contributes greatly to the value, good will and reputation of said restaurant business; it is then alleged, in paragraph Seventh, that plaintiff has expended substantial sums of money and effort to build said restaurant business, ‘ ‘ including the sidewalk cafe ”, into a valuable and profitable business.
The complaint further alleges that each and every year plaintiff is required to submit an application to the commissioner of licenses of the City of New York to obtain a license for the operation of said sidewalk cafe; that plaintiff must submit with such application a written consent from the defendant for the operation of said sidewalk cafe; that plaintiff has_heretofore always received such consent for the operation of said sidewalk cafe.
The complaint goes on to allege that on or about August 29, 1952, plaintiff submitted to defendant for signature a consent *909 for a license for operation of the sidewalk cafe for the following year, but that defendant has refused to sign the consent, arbitrarily, capriciously, willfully, and without any just cause or reason therefor, and that such refusal is wrongful.
Paragraph “ Fourteenth ” of the complaint then alleges: “Fourteenth: That the defendant’s refusal to sign said consent, is contrary to the lease agreement between the parties for the leasing of said premises to plaintiff for the operation of her restaurant business.” (Italics mine.)
It is then averred that the refusal to sign said consent will greatly impair, if not destroy, plaintiff’s business and the good will thereof and will nullify and destroy the very lease held by plaintiff and result in irreparable damage to her.
Plaintiff prays for judgment that defendant be directed to forthwith sign and execute such consent for plaintiff’s license for the operation by her of said sidewalk cafe and that defendant be further decreed to “ specifically perform the lease on its part to be performed ”.
From the allegations of the complaint thus set forth the impression immediately gained is that the lease contains a provision demising to the plaintiff the sidewalk adjacent to the building or abutting it for the purpose of operating a sidewalk cafe thereon. An examination of the lease discloses no such provision.
The lease, it is quite apparent, was drawn with care and detail; just what portion of the premises is demised is set forth and described with precision, and the nature of the business to be there conducted. Nowhere is there any reference to plaintiff operating a sidewalk cafe at said premises; nor is there any undertaking or obligation on the part of defendant to sign a consent whenever requested by plaintiff to enable her to procure a license from the commissioner of licenses to there operate a sidewalk cafe.
It is particularly notable that there is no allegation in the complaint of the provisions of the lease pursuant to which the defendant is obligated and required to give its consent to plaintiff to enable her to obtain a license for operation of a sidewalk cafe.
In the light of the preceding summary, it is difficult to understand the allegation in the complaint, in paragraph " Fourteenth ” thereof, that defendant’s refusal to sign such consent is “ contrary to the lease agreement ”.
If there is no such provision in the lease requiring defendant to give such a consent, then, obviously, the defendant’s refusal to give it, is not “ contrary to the lease agreement ”.
*910 It is also difficult to perceive, in view of what is set forth, {supra) upon what legal hypothesis the court is asked to compel the defendant “ to specifically perform the lease on its part to be performed”, by directing defendant to forthwith sign and execute such consent for operation of a sidewalk cafe when the lease does not contain any provision obligating the defendant to give it.
It may well be the fact that defendant has heretofore given such consent to plaintiff when requested; this would be a voluntary act on the part of defendant and not compulsory. There is a decided distinction between a mere request to consent to a license and a definite requirement and obligation that it be furnished. One depends on favor; the other is obligatory as a contractual undertaking and duty; the former may be arbitrarily refused; the latter may be compelled by judicial fiat in the nature of specific performance. But the remedy of specific performance is never applicable where there is no obligation to perform.
The controlling question is, not that plaintiff will suffer loss if such consent to a license is not given by the defendant, but what did it obligate itself to do? The lease does not bind the defendant to give such a consent. It has the right to give it or not, as it may determine. Not being bound by the lease to give such consent to plaintiff, it cannot be compelled to do so as if it was a contractual undertaking on its part.
In asking for specific performance, it devolves upon the plaintiff to show a state of facts which would enable the court to grant that form of relief without requiring the defendant to do something which it was not obligated to do. The remedy of specific performance presupposes the existence of an express agreement whereby the party complained against specifically undertook and obligated himself to do and perform a definite and certain act or thing. If such a contract does not exist or such undertaking or obligation is absent in the contract between the parties, specific performance cannot be decreed; to do so would result in the court making a new contract for the parties and then decreeing its specific performance; nor can it require the performance of any contract other than the one which the parties themselves have made. (Creston Apts. Corp. v. Gertler Elec. Contr. Co., 229 App. Div. 450.)
A comparable case is Mazzanobile v. McCaffrey (108 N. Y. S. 2d 649). In that case the facts, in brief, are: Plaintiff operated a stand abutting the premises No. 300 East 26th Street;. the stand has been in that location for about 50 years; plaintiff has *911 had continuous use of it for 18 years, including the right to use and the actual use of part of the basement of the building for storage purposes in connection with the stand; pipes extend from the building and furnish heat and water; the abutting owner has been collecting rent from plaintiff as a tenant on a month-to-month basis; the tenant offered to pay the rent in September, 1951, but the defendant-landlord and abutting owner refused to accept it. The landlord recalled the consent previously given for the issuance of a license and it was claimed this was done in bad faith, and an injunction pendente lite was sought until the trial of the action to restrain the defendant McCaffrey, as commissioner of licenses, and the defendant Cottone, the landlord and abutting owner, from depriving the plaintiff of the use of the stand and from interfering with the operation thereof.
The court, at Special Term, denied the injunction pendente lite because it was doubtful that the plaintiff had any maintainable cause of action; it directed attention to the fact that the sidewalk was city property and that all that the landlord and abutting owner could give plaintiff was permission to operate a stoop line stand on the city’s sidewalk, provided she obtained from the commissioner of licenses a license to operate there.
It is thus understandable why the lease in the instant suit does not include the sidewalk area where the sidewalk cafe is conducted as an alleged part of the demised premises.
In its opinion, the court, at Special Term, pointed out and said at page 651: “Neither plaintiff nor defendant Cottone possess any property right to operate or maintain a stoop-line stand on the land which is the property of the City. A stoop stand license is a privilege and not a property right, subject to revocation upon the Commissioner of Licenses’ being advised that the owner of the property or landlord had withdrawn the consent given to operate and maintain the stand. ’ ’
As to the effect of the landlord’s bad faith in recalling the consent, the court said at page 651: “ Assuming that Cottone acted arbitrarily, with bad motive, in rescinding her consent given to the Commissioner of Licenses, the court is unable to see that it can compel her to recall her revocation and to direct her to reinstate the recalled consent ”.
The court stated it was in considerable doubt that upon the facts plaintiff had a maintainable cause of action or any right to the relief sought. It accordingly denied the motion to enjoin and restrain the defendant commissioner of licenses, and also to enjoin and restrain the landlord, the former from revoking *912 plaintiff’s license to operate a stoop line stand for the sale of newspapers, etc., and as to both, from taking any steps in furtherance of said revocation.
No motion was there made to dismiss (as it is made here) the complaint as failing to state facts sufficient to constitute a cause of action.
Upon appeal (279 App. Div. 861), it was held, by a divided court, that in view of the length of time the stand has been operated in the location there in question, no harm would result to defendants from a stay pending trial, and the order denying an injunction pendente lite was reversed for that reason. The major opinion made no reference to the feature that plaintiff there had no maintainable cause of action upon the facts.
The dissenting opinion of Peck, P. J., in which Cohk, J., concurred, pointed out that no maintainable cause of action was set forth, stating: “ Ordinarily I would not dissent from an order preserving the status quo pending a trial.. I am impelled to dissent here because of the implication in the decision that there are triable issues, when I think there are none and that as a matter of law, on the basis of the facts alleged by plaintiff, she has no right to maintain her stand without the consent of the abutting owner. * * * The abutting owner was within her right in revoking her consent to the operation of the stand * * *. By the instant order and opinion, in my view, the court is putting the parties to a pointless trial and doing a disfavor to the plaintiff, for whom we all have sympathy, in encouraging her to further expense and effort against the inevitable end already properly reached by Special Term in the opinion and order appealed from.”
Since, here, the legal sufficiency of the instant complaint is presented directly by the motion to dismiss it, and the dissenting opinion in the Massanobile case sustains the view that such facts do not set forth a maintainable cause of action, and the major opinion made no direct ruling on this precise feature, it is the view of this court that it should and may properly adhere to the views and conclusion set forth and expressed in the opinion delivered at Special Term.
The motion to dismiss the complaint as being legally insufficient is accordingly granted and the complaint is dismissed; and since it is the ultimate view and conclusion of the court that a recovery by plaintiff upon the facts set forth in the complaint is legally impossible, no leave is given to serve an amended complaint. Settle order.