Larance Martin BLANKENSHIP,
Respondent,

v.

Clarence Guy PORTER and Phyleta Leona
Porter, Appellants.

No. 55844.

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

Motion for Rehearing or Transfer to Court
en Banc Denied May 8, 1972.

Stephen J. Millett, James S. Millett, Kingston, for appellants.

Robert B. Paden, Maysville, for respondent.

STOCKARD, Commissioner.

Defendants have appealed from the judgment of the Circuit Court of Caldwell County decreeing specific performance of a contract for the sale of land and awarding damages for the refusal of defendants to perform.

The terms of the contract, material to the issues on this appeal, are as follows:

THIS AGREEMENT, Made and entered into this 6 day of August, 1966, by and between Clarence Guy Porter & Phyleta Leona Porter the seller; and Larance Martin Blankenship the buyer, * * *.

WITNESSETH: That seller, in consideration of the mutual covenants and premises hereinafter contained, hereby agrees to sell and convey unto said buyer who agrees to purchase as herein provided the following described real estate situated in the County of Caldwell, State of Missouri, to-wit:

75 acres lying and a part of Western Half of Section 18, Township 57 North, Range 29 West. This land all lays North of new US Highway 36, and South & East of railroad,

together with (if any) furnace, lighting and water supply apparatus, fixtures and plumbing equipment, attached linoleum, window shades, venetian blinds, curtain rods, storm sash and awnings. Subject however, to any restrictions, zoning laws or ordinances affecting the said property which are of record, [A] for the price and sum of Six Thousand & No/100 Dollars, to be paid by the buyer as follows: $600.00 at the time of the execution and delivery of this agreement, the receipt of which is hereby acknowledged by the seller and which is deposited with Leo E. Farnan, as agent, as earnest money and as part of the purchase price and the balance thereof to be paid in the following manner, to-wit: $5,400.00 cash on delivery of deed as herein provided.

[B] All deferred payments to be represented by a promissory note, or notes secured by deed of trust covering above described real property containing usual provisions, drawing interest from date of note at the rate of _____ per cent per annum, payable.

[C] And if a loan is obtained on said property at buyer's request this in addition to the purchase price the buyer agrees to pay all expenses incidental to the obtaining of such loan or loans.

[D] This contract is given subject to the buyer's ability to obtain a loan or loans in the amount of $xxxxx and payable as follows:

[E] Second party will pay an additional $1,140.00 at closing time. First party will carry balance of loan at 5½% interest over five year period. Payments start one year from closing date. Closing date shall be December 1st, 1966, or March 1st, 1967. And in the event the Buyer is unable to obtain such loan or loans within xxx days hereof then this contract shall be considered null and void and the money above deposited shall be returned to the buyer.

Defendants, hereafter referred to as appellants, challenge respondent's right to specific performance of the contract because (1) the terms relating to the deferred payments "are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined from the contract," and (2) by the petition respondent sought and the court decreed the transfer of "more land than described in the contract sued upon by the plaintiff."

The trial court decreed that appellants should execute a warranty deed to respondent, and that respondent should pay $1,140 to appellants and should also execute a note in the amount of $4,260 due and payable five years after date, bearing interest at 5½% per annum, payable in five equal installments and secured by a deed of trust on the land.

Appellants argue that in one place the contract provided that on delivery of the deed the buyer should pay $5,400 in cash, and further that at closing time the buyer should pay an additional $1,140. They also assert that the court permitted the real estate broker and respondent to testify that it was not the intention of the parties that the balance of the purchase price was to be paid in cash, but that appellant was to pay $1,140 in cash at closing time and the balance of $4,260 was to be carried by appellants over a five year period, the principal to be paid in five equal payments and with interest at 5½% on the unpaid balance. They then contend that by its decree as above set out the court "rewrote the contract between the parties."

■■ A court must decree specific performance of a contract as written or not at all. It cannot make a contract for the parties and then decree its performance. P. R. T. Inv. Corp. v. Ranft, 363 Mo. 522, 252 S.W.2d 315. Apparently the contract was a printed form in which blank spaces were to be filled in. It also appears that provisions were added, and some of the blank spaces were not filled in. However, when the contract is read as a whole and inapplicable provisions are ignored, we conclude that it provides two alternate methods of payment; each being sufficiently clear and definite in its wording. The provision which we have designated as [A] provides that $600 should be paid at the execution of the contract (which was done) and that the balance of $5,400 could be paid in cash at the time of the delivery of the deed. However, it is clear that payment could also be made by deferred payments to be secured by a deed of trust. In that event, as provided by the paragraph which we have designated as [E], the buyer is required to pay $1,140 at the closing of the transaction and to execute a note for the balance due, that is, $4,260, to be paid in five equal installments, the first to be paid one year after the time of closing the transaction. Apparently no loan was required or obtained by the buyer, or at least

the record does not show that a loan was obtained, and therefore what we have designated as [C] and [D] are inapplicable. What we have designated as [B] requires the security in the form of a deed of trust to secure the deferred payments, and the blank pertaining to the rate of interest may be ignored because the rate is set forth in [E]. See in this connection the cases annotated in 60 A.L.R.2d at p. 251 et seq.

We find no merit to appellants' contention that the terms providing for deferred payment are so uncertain or equivocal that the meaning thereof cannot be ascertained.

Appellants' second point is directed to the contention that by his petition respondent sought the conveyance of more land than appellants contracted to sell, and that the court decreed the conveyance of more land than included in the contract. He asserts in his point that "The contract was definite that the defendants sold and the plaintiff bought 75 acres *north* of New U. S. Highway 36 and south and east of the railroad in the West Half of Section 18," but he asserts, the "contract was indefinite and uncertain as to the location of New U. S. Highway 36 in said West Half of Section 18." They then assert that the trial court decreed that they convey certain land which is south of the highway. In the argument portion of their brief appellants set forth the testimony of witnesses concerning the location of the highway, and it is implied in the argument that the description of the land in the contract is not sufficiently definite so that the land can be located and described.

■■ The first issue is whether the description of the land to be conveyed is sufficient to satisfy the statute of frauds, or stated another way, whether the description is sufficient to enable the parties to locate and identify the land. As stated in Ray v. Wooster, Mo., 270 S.W.2d 743, 750, the description is sufficient "if the property can be identified with reasonable certainty with the aid of the data supplied by the instruments and a consideration of the

attending circumstances." The evidence in this case clearly shows that the land intended to be conveyed was all the land owned by appellants north of the highway and south and east of the railroad. That land can easily be located, identified and described. The description in the contract is sufficient. See Deulen v. Wilkinson, Mo., 473 S.W.2d 357.

█ We are of the opinion that the decree of the court does not direct the conveyance of land south of the highway. The description set forth in the decree need not be set forth in its entirety. It provides that appellants should convey "the following described property, to wit: All that part of the following described tracts and parcels of Section eighteen (18), Township Fifty-seven (57) North, Range Twenty-nine (29) West, of Caldwell County, Missouri, lying North of New U. S. Highway 36, as presently constituted, and South and East of the right of way of the Chicago, Burlington and Quincy Railroad, * * *." There then follows a description of the "tracts and parcels" referred to. The description then concludes as follows: "Otherwise described as 75 acres lying in a part of the Western half of Section 18, Township 57 North, Range 29 West. This land all lays [sic] north of New Highway 36 and South and East of the Railroad." It is true that the description of the "tracts and parcels" includes land south of the highway. Appellants assert that because of this the court "ordered the [appellants] to convey to the plaintiff their land in the Southwest Quarter of said Section 18" which they assert is south of the highway. We do not agree. The decree ordered the conveyance of only *that part* of the described "tracts and parcels" lying north of the highway and south and east of the railroad. This contention of appellants is without merit.

Appellants next assert that the contract is not subject to specific performance because (a) it provides for two closing dates; (b) respondent filed a suit (not the pending suit) in Clinton County for specific performance before March 1, 1967; and (c) respondent did not prove that he tendered the "balance of the purchase price" on or before March 1, 1967.

█ Why alternative closing dates were set forth in the contract is not explained. It is reasonable to assume that the earliest was to be the closing date if the buyer elected to pay the balance in cash, and the latter one was to be the closing date if the buyer elected to pay the balance with deferred payments. In any event, before the first date appellants made it clear that they did not intend to perform, and took the position that the contract was void. In the absence of any showing why the provision for alternative closing dates prejudiced appellants we find no merit to this claim. Also, it is immaterial that a suit was filed in a county in which the land was not located, even though it may have been filed prior to March 1, 1967. That suit was dismissed and subsequent to March 1, 1967, this suit was filed in the proper county.

█ The evidence shows that respondent paid the $600 earnest money, and deposited $1,140 with the clerk of the circuit court. The decree recites that said sum "is on deposit with the registry of the clerk of this court," and appellants do not assert that this recital is in error. In addition, appellants repudiated the contract and denied any obligation under it. They thereby placed themselves in a position that if a tender were made, its acceptance would be refused. As stated in Cooper v. Mayer, Mo., 312 S.W.2d 127, 130, "then no tender need be made by the vendee. In such case it is enough if the latter, in a suit for specific performance, offer by his bill to bring in the money when the amount is liquidated."

Appellants next assert that the consideration of $6,000 for the land "was inadequate considering its prime location," and the trial court erred in refusing the offer of appellants to prove by Harland Porter

that the tract of land was reasonably worth $12,000 on August 5, 1966.

Harland Porter was the son of appellants. He owned land adjoining that of appellants and had rented some of the land in question for pasture. He testified that he was "fairly familiar" with the sale price of farm land and real estate in the area during 1966. The trial court sustained an objection when he was asked his opinion as to the "reasonable value of this tract of land after New Highway 36 was built through it." Subsequently appellants made an offer of proof that Harland Porter would testify that in his opinion "the value of this land in controversy at the time this contract was executed was $12,000."

We shall assume, but we do not decide, that in this equity case the opinion testimony of Harland Porter as to value was admissible, and we shall assume that he did so testify.

Equity will not decree specific performance of an inequitable contract or an unconscionable bargain, Tuckwiller v. Tuckwiller, Mo., 413 S.W.2d 274, 278, and a "shockingly inadequate" consideration may produce such unfairness as will cause specific performance to be withheld. Miller v. Coffeen, 365 Mo. 204, 280 S.W.2d 100, 103. However, in this case the only evidence favorable to appellants' contention is that the land adjoined a highway, and that in the opinion of their son the land was worth $12,000 at the time the agreement was signed. While Mr. Clarence Porter, one of the defendants, testified that he was "forced to sign" the contract because "they took advantage of me" and "run over me because I was sick," he did not assert that the price was inadequate. Other evidence shows that about fifteen acres of the land was suitable for pasture and that the rest was covered with woods, brush, dead elm trees and briars. The annual rental for pasture was $200, but for one year it was $100. Electric lighted signs were also located on the property at an annual rental of $103. Under this evidence we cannot conclude that the consideration was so "shockingly inadequate" to justify refusal of specific performance by a court of equity.

In their fifth point, appellants assert that "since the contract in question was insufficient to support a suit for specific performance * * * [respondent] cannot recover damages for its breach." We have held that specific performance was authorized, at least it was not improperly decreed for any reason advanced by appellants, and we need not review those issues.

Appellants also assert in this point, without assigning any reason therefor, that the trial court erred in overruling their motion for directed verdict at the close of all the evidence in the trial before a jury on the issue of damages, and in overruling their motion to dismiss respondent's amended petition. Although this point is inadequate to preserve these contentions for appellate review, we have looked to the argument portion of the brief to determine the basis for the contentions. We there find that appellants contend that the petition should have been dismissed because the claim for damages "was not set out in the petition as a separate count, but was treated by the trial court as a separate count and tried before a jury," and that the fifth paragraph "standing alone as the statement of a separate and distinct cause of action does not allege facts which are sufficient to constitute an independent, separate and single cause of action against defendants." This is not developed any further by the citation of authority, and this precise contention was not presented in the motion to dismiss, although it was there alleged that there was "a misjoinder of actions."

We find no argument specifically directed to the motion filed at the close of all the evidence except as may be included in the contention that damages may not be recovered for failure to perform a contract when a decree of specific performance is not appropriate. We find no argument in

respondent's brief specifically directed to either of these contentions. This demonstrates the soundness of Civil Rule 83.05(e), V.A.M.R., whereby it is sought to require the appellant to present concisely the issue respondent is to answer and the court is to rule.

Under these circumstances and in the absence of any showing of prejudice, we conclude that the contentions, gratuitously considered insofar as we are able to do so, do not present the basis for any relief on this appeal.

■ Appellants' sixth point is that the trial court erred in giving Instruction 2 because it "required the jury to find for plaintiff if they found that [appellants] did not perform substantially their contract obligations to convey the property to [respondent] when the contract in question was never introduced in evidence and shown or read to the jury."

The right to specific performance was an equitable issue tried before the court. The contract was offered in evidence as Exhibit 4. The court entered its decree for specific performance, and thereby ruled as a matter of law that respondent was entitled to specific performance and that appellants had not performed. In the trial of the issue of damages before a jury, Instruction 2 was given at respondent's request, which was as follows:

Your verdict must be for plaintiff if you believe:

First, defendants did not convey and transfer the property to plaintiff, and

Second, because of such failure, defendants contract obligations were not substantially performed, and

Third, plaintiff was thereby damaged.

MAI 26.02 Modified.

In the situation we have in this case, the trial court had previously declared by its decree of specific performance that if appellants had not conveyed the land, they had not performed the contract obligations. It was not essential to the giving of this instruction that the contract be shown or read to the jury.

■ Appellants also assert that Instruction 2 was broader in scope than the pleadings and the evidence because the *petition* requested damages for loss of rentals from December 1, 1966, and there was no limit as to time in Instruction 2. The instruction follows MAI No. 26.02. The amount of the verdict did not exceed the amount the jury could have found under the evidence that respondent had been damaged.

■ Appellants' last point is that the court erred in refusing their requested instruction which authorized the jury to consider only those damages "sustained since October 28th, 1969," which was the date of the decree of the trial court directing specific performance. We shall quote the substance of appellants' argument. "The [appellants] contended at all times that the plaintiff was not entitled to recover any damages for breach of alleged contract because the contract was not enforceable and was not binding upon the defendants, but since the trial court found that it was a valid contract and was enforceable by specific performance, then and only then was the [respondent] entitled to damages for the withholding of the use and occupation of the land * * *." This does not correctly state the rule as to damages for the breach of a contract to convey when the vendor repudiates the contract. Instead, damages accrue from the time of the breach. See 25 C.J.S. Damages § 74, and Boten v. Brecklein, Mo., 452 S.W.2d 86.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.