**John J. HARTFORD and Ruth N. Hartford, his wife, Appellants,**

v.

**George GYOROG and Barbara Gyorog, his wife, Respondents.**

No. 55788.

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 11, 1972.

Roland A. Wegmann, Jack C. Stewart, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for appellants.

Jeremiah Nixon, Thurman, Nixon, Smith & Howald, Hillsboro, for respondents.

TOM J. STUBBS, Special Judge.

Plaintiffs by their four-count petition in equity seek (Count I) specific performance of an alleged oral contract for the conveyance of real estate located in Jefferson County, Missouri, and for an accounting (Count II) in the alternative, establishment of a constructive trust in favor of plaintiffs and for an accounting; (Count III) in the alternative, establishment of a resulting trust and for an accounting; (Count IV) in the alternative, the reasonable value of improvements allegedly made by plaintiffs to the real estate in question and for an accounting.

Defendants' answer in addition to generally denying plaintiffs' allegations, affirmatively pleads the statute of frauds and laches. By way of counterclaim in ejectment defendants seek recovery of possession of the real estate, for unpaid rent and damages.

The trial court found the issues in favor of defendants on Counts I, II, III, and IV of plaintiffs' petition and in favor of defendants on their counterclaim, ordering possession of the real estate be restored to defendants and awarding defendants One ($1.00) Dollar damages and the sum of Fifty ($50.00) Dollars per month from March 1, 1969, until possession be restored to defendants. We affirm.

Plaintiff John Hartford testified that early in January, 1961 he and his wife entered into an oral agreement with defendants to purchase the real estate in question for the sum of $8,500.00. The property was then owned by the Jefferson County Abstract Company. The defendants agreed to supply a $500.00 down payment. Plaintiffs agreed to pay defendants $50.00 per month

and defendants agreed to allow plaintiffs credit for the value of work to be done by plaintiffs on the real estate in question and on other real estate owned by defendants. When the $50.00 per month payments and the credits to be allowed plaintiffs amounted to a "sufficient equity" in the real estate so as to permit plaintiffs to obtain financing, defendants would convey the property to plaintiffs.

Defendants supplied the $500.00 down payment and borrowed the balance of the purchase price from defendant George Gyorog's credit union. The abstract company thereupon conveyed the property in question to plaintiffs. Thereafter, plaintiffs by warranty deed conveyed the property to defendants.

Warranty deed from the abstract company to plaintiffs contained documentary revenue stamps of the value of $9.90. Warranty deed from plaintiffs to defendants recited a consideration of "one dollar and other valuable considerations" but contained no documentary revenue stamps.

Plaintiffs moved into the property in question in March, 1961.

Plaintiff Ruth Hartford testified that she was present when an agreement was made between plaintiffs and defendants for the purchase of the real estate in question by plaintiffs. Defendant George Gyorog said he would put up the money and the plaintiffs could pay $50.00 per month and when an equity was built up defendants would "turn it over into our home." Barbara Gyorog said the same thing. Plaintiffs worked on the property in question as well as on other property in the vicinity owned by defendants.

Plaintiffs' evidence does not suggest what benefit was to accrue to defendants for their alleged generosity.

Defendants' evidence tended to prove that in 1957 defendants purchased a resort in Jefferson County, Missouri from Mr. and Mrs. Weber which was adjacent to the real estate in question which the Webers also owned. Sometime later the Webers offered to sell the property here in question to defendants for $15,995.00. Defendants believed the Webers would accept less money if the property was sold to a stranger. Late in 1960 a "For Sale" sign was erected on the property. Defendants decided to make an effort to buy it but didn't know how to go about it. Defendants talked to plaintiffs about it and the plaintiffs suggested that they act as a "straw party" and the Webers wouldn't have to know who the real purchaser was. One reason defendants wanted to buy the property was so that they "could put somebody in there who could stay there all the time" and defendants wouldn't have to worry with vandalism when the pool was closed.

The only agreement between plaintiffs and defendants was that plaintiffs could live in the house on the property in question and pay $50.00 per month rent. The reasonable rental value of the property was $90.00 per month. The rent was set at $50.00 because defendants wanted the property occupied. No agreement was made with plaintiffs that Mr. Hartford was to do any work to build up an equity in the property. The agreement simply was $50.00 per month rent and plaintiffs were to keep the property up and keep an eye on the pool and the lake. Defendants agreed to pay $8,750.00 for the property.

Any work Mr. Hartford did on defendants' property he was paid for by defendants. At no time before this suit was filed did Mr. Hartford make any claim of ownership in the property to defendants. From 1961 through 1964 defendants spent $7,369.70 for material for maintenance and repair of the resort property.

On October 24, 1966 defendants sent plaintiffs a letter demanding possession of the premises in thirty days.

The findings of the trial court are clearly supported by the evidence. Ellison v. Wood Garment Co., Mo.App., 286 S.W.2d 27; P.R.T. Inv. Corp. v. Ranft, 363 Mo. 522, 252 S.W.2d 315.

Even if believed, the plaintiffs' evidence failed to prove, by the preponderance of the evidence, and certainly not by clear, cogent, and convincing evidence that they are entitled to a constructive or resulting trust with respect to the property in question or to any other relief. Aronson v. Spitcaufsky, Mo., 260 S.W.2d 548; Pursley v. Pursley, Mo.App., 215 S.W.2d 302.

The finding of the trial court in respect to defendants' counterclaim was within the court's jurisdiction and is clearly supported by the evidence.

The judgment is affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.