EMMETT BALDWIN, Doing Business under Firm Name of BALDWIN REALTY COMPANY, Appellant, v. WILLIAM H. CORCORAN, Executor of Estate of ANNIE L. BRADLEY.—7 S. W. (2d) 967.

Division Two, July 20, 1928.

*Henry H. Oberschelp* for appellant.

*Oliver J. Miller* and *Holland, Lashly & Donnell* for respondents.

816

*Henry H. Oberschelp* for appellant in reply.

HENWOOD, C.—This is a suit in equity, filed in the Circuit Court of the City of St. Louis, for the specific performance of a written contract, dated August 19, 1922, covering an optional purchase of certain real estate. The suit was filed on July 19, 1923, and on September 25, 1923, Annie L. Bradley, the original defendant, was adjudged to be a person of unsound mind, and William H. Corcoran was appointed as the guardian of her person and estate, by the Probate Court of the City of St. Louis. In her answer and cross-bill, filed by her guardian, the defendant, among other defenses, pleads her mental incapacity at the time of the execution of the alleged contract, and prays that the same be canceled and for naught held. The reply admits the appointment of defendant's guardian and his authority to act as such, and denies all other affirmative allegations of the answer and cross-bill. The chancellor, after hearing evidence on the issues as framed by the pleadings, dismissed the plaintiff's petition and the defendant's cross-bill, and rendered judgment accordingly. In compliance with plaintiff's request, the chancellor filed his findings of fact and conclusions of law, in which he says, in substance, that he finds that the defendant was mentally unsound and

incapable of making the contract in question, and that he, therefore, concludes that the plaintiff's petition is without merit. The case is here for review on plaintiff's appeal from the adverse judgment on his petition. The defendant requested no special findings of fact on her cross-bill, and took no appeal from the judgment rendered against her thereon. Since the granting of plaintiff's appeal, the death of Annie L. Bradley, the defendant, has been suggested and the cause revived, in this court, in the name of William H. Corcoran, executor of her estate, and the executor has entered his appearance herein.

The contract which plaintiff seeks to have specifically performed will be quoted in full, as follows:

"PLAINTIFF'S EXHIBIT A.

Selling Option.

August 19, 1922.

Received of Emmett Baldwin the sum of One Dollar in consideration of which I agree to sell to him real estate situated in the City of St. Louis, State of Missouri, described as follows:

Northwest corner of Kingshighway and Garfield Avenue, 133' 6⅝" on Garfield Avenue by 156' 0⅝" on Kingshighway Boulevard, at purchase price of Fifteen thousand ($15000) Dollars net. Terms of sale as follows:

Five thousand dollars ($5000) cash less the amount above receipted for, and the remainder as follows:

*Ten thousand ($10,000) dollars first deed of trust with interest at six per cent.* -

I agree to convey the property to him, or his assigns by warranty deed, free from all liens and encumbrances, except taxes adjusted to date of sale.

Said Emmett Baldwin is allowed one year time in which to have the title investigated and to close purchase of the property on the above terms. In the event he fails to close said purchase within that time, this agreement shall be null and void without further notice from the undersigned, and without any further right whatever on his part to a return of the money herewith receipted for. Emmett Baldwin.

MRS. A. L. BRADLEY." (Italics ours.)

While the only reference made in the contract to the deferred payment on the purchase price is the provision for "ten thousand ($10,000) dollars first deed of trust with interest at six per cent," the plaintiff, in his petition, alleges that the contract provided for the payment of "the remainder by a note, payable three years after date of sale, secured by a first deed of trust on said property, drawing interest from the date of sale at the rate of six per cent per annum, said interest to be evidenced by interest notes due and payable in

six, twelve, eighteen, twenty-four, thirty and thirty-six months after date, and which said interest notes were also to. be secured by said first deed of trust.'' And the plaintiff was permitted to testify in support of these allegations of his petition, although the defendant made timely objections to his competency as a witness, because of the insanity of the defendant, and to the competency of such testimony, because of the variance between the terms and provisions of the contract pleaded and the written contract offered in evidence. In the trial court and in his original brief in this court, the plaintiff insisted on his right to enforce this contract, as written and as supplemented by his testimony. In two separate reply briefs, he has completely abandoned this position, and shifted to the position that, inasmuch as the contract failed to specify the time of the deferred payment, it was payable on demand and enforceable as a demand obligation, thus eliminating the question of his competency as a witness, as well as the question of the competency of his testimony in this connection. However, it seems perfectly clear that the plaintiff cannot succeed in this suit, on any theory.

I. It is apparent at once that the contract sought to be enforced is silent as to how or when the deferred payment of $10,000 on the purchase price was to be made, as to the terms of the promissory obligation or obligations to be given as evidence thereof, and as to the terms and conditions of the deed of trust to be given as security therefor. In all of these essentials, the contract is incomplete, and it is the ancient and accepted rule that a court of equity will not make a contract for the parties, nor enforce by specific performance a contract which is indefinite, uncertain or incomplete in any of its essential terms. [36 Cyc. 587, 597; Pomeroy's Spec. Perf. of Contracts (3 Ed.) secs. 145, 159; Mastin v. Halley, 61 Mo. 196; Lackawanna Coal & Iron Co. v. Long, 231 Mo. 605, 133 S. W. 35; Henry v. Adkins (Mo. Sup.), 194 S. W. 264; Terry v. Michalak (Mo. Sup.), 3 S. W. (2d) 701.] ''The same equity that does nothing by halves will not perform blindly. Before it acts, it must see what is contracted to be done and do that, no more nor no less, or do nothing.'' [Lackawanna Coal & Iron Co. v. Long, supra, 231 Mo. l. c. 612.]

II. It is equally well settled that the express provisions of the contract control, and that where, as in this case, the contract calls for a  deferred interest bearing payment to be secured by a deed of trust on the property, the purchaser has no right to treat the deferred payment as a demand obligation, or to require the vendor to receive full payment of the purchase price in cash. Of course, such contracts are made for the

benefit of the vendor as well as the purchaser, and the investment of a portion of the purchase price is a right on which the vendor may insist. Indeed, such investments often induce vendors to enter into contracts of this character. [39 Cyc. 1574-1575; 27 R. C. L. 535; Terry v. Michalak, 3 S. W. (2d) 701.] Let it suffice to say that the provision in Section 794, Revised Statutes 1919, that "an instrument is payable on demand, in which no time for payment is expressed," and the cases relied on by plaintiff, relate to bills and notes, and have no application to the terms of a contract which is the subject-matter of a suit for specific performance.

In the recent case of Terry v. Michalak, supra, this court was confronted with practically the same situation, and, in that case, SEDDON, C., reviews, quite extensively, the authorities in this and other jurisdictions, on the propositions presented for our decision in this case. For that reason, we see no occasion for extending the length of this opinion by a further discussion of these propositions. And, in view of the conclusions above stated, it becomes unnecessary to consider the other questions presented by the record and in the briefs of counsel.

The judgment rendered against the plaintiff below is manifestly for the right party, and it is accordingly affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.