RICHARD R. HERZOG and VERTIA HERZOG, Appellants, v. VIOLET ROSS and JEANNE MCCABE.—No. 39837.—196 S. W. (2d) 268.

Court en Banc, September 9, 1946.

*Jesse T. Friday* for appellants.

408

*J. E. Patton* for respondents.

TIPTON, C. J.—In the circuit court of the city of St. Louis, appellants filed this action against respondents to compel them to convey to appellants a parcel of real estate pursuant to a written contract which was attached to and made a part of appellants' petition. Respondents filed their motion challenging the sufficiency of appellants' amended petition, and this was sustained by the trial court. Appellants declined to further plead and the court entered a judgment for respondents and dismissed appellants' petition.

Appellants' amended petition alleged that on August 14, 1944, appellants and respondents entered into a written contract whereby respondents agreed to convey to appellants a parcel of land for the sum of $4,250.00. $100.00 was paid at the time of the execution of the contract as earnest money and part purchase money. Rents, interest, water license, taxes and insurance were to be adjusted to the date of the transfer of the property which was to be consummated on or before October, 14, 1944. There was also a clause in the contract to the effect that appellants were to satisfy themselves before September 1, 1944, that the house was free of termites. The petition alleged that appellants had satisfied themselves that the house was termite free and so notified respondents thereof before September 1, 1944. Respondents thereupon notified appellants that they would

not carry out their ▊ part of the contract. Other facts will be stated in the course of this opinion.

▊ Respondents' first contention is that the contract did not sufficiently describe the real estate in question. The description of the property in the contract is as follows: "The following described property situated in the city of St. Louis, State of Missouri, to-wit: Property known as and numbered 6850 Plateau, together with all improvements, including shades, screens and electric; lot 50 x 178, exact description in title to govern." It is true the legal description is not given in the contract but the legal description of the property known as 6850 Plateau can easily be determined from the public records in the court house.

In the case of Keator v. Helfenstein Park Realty Company, 231 Mo. 676, 1. c. 680, 132 S. W. 1114, we approved the rule announced in the case of Black v. Crowther, 74 Mo. App. 480, wherein that court said: "The rule may be stated thus: The land need not be fully and actually described in the paper so as to be identified from a mere reading of the paper. But the writing must afford the means whereby the identification may be made perfect and certain by parol evidence." This rule is correct, and applied to this case the description in the contract is sufficient.

▊ Respondents' next contention is that the clause in the contract relating to the purchase price and the manner in which it was to be paid was too indefinite and uncertain; therefore, the contract is unenforceable. That clause is as follows: ". . . which property is this day sold to the above parties for the total sum of Four Thousand Two Hundred Fifty ($4,250.00) Dollars, payable as follows: Seven Hundred ($700.00) Dollars cash and balance to be secured by a first deed of trust of $3,550.00, with a pay off of $100.00 at each interest date and a privilege of an extra $100.00 at each interest date. Loan to run for 3 years. Owner is to receive all cash."

The full consideration under this clause was $4,250.00, and $100.00 was paid to respondents as earnest money and part purchase money, so it is clear that at the time of the closing of the sale a balance of $4,150.00 would be due. It is true this clause mentions a deed of trust, but the phrase, "owner is to receive all cash," clearly shows that the respondents were to receive cash at the time the property was transferred to appellants. It was alleged in appellants' petition that cash was to be paid respondents. This is the fair and reasonable construction of the contract and, therefore, it is our duty to give the contract that construction. Paisley v. Lucas, 346 Mo. 827, 143 S. W. (2d) 262. If the phrase, "owner is to receive all cash," had been omitted, then the contract would have been indefinite and uncertain, and would have come within the rule announced in the case of Baldwin v. Corcoran, 320 Mo. 813, 7 S. W. (2d) 967.

■ "The title to said property to be perfect and to be conveyed by warranty deed, free from liens and encumbrances, except the taxes for the year ——, and thereafter," is claimed by respondents to be too indefinite and uncertain to be enforced because it did not set out the year for which the taxes were excepted. In the construction of all written instruments the rule is well established that the instrument must be construed as a whole. The following two clauses of the contract must be read in connection with the above clause: "Rents, interest, water license, taxes and insurance to be adjusted to date of transfer of property" and "this sale under this contract to be closed on or before October 14, 1944."

When these three clauses are read together there can be no doubt that the deal was to be closed by October 14, 1944, and that taxes were to be adjusted as of the date the property was transferred.

■ It is respondents' contention that the alleged contract is unilateral because of the following provision: "This contract is subject for the house to be termite free, purchaser to satisfy himself in this respect by September 1st, 1944." It is their position that this provision left appellants unbound by the purported contract as of August 14, 1944, the date of the execution of the contract; in other words, that at the time this alleged contract was executed, appellants were not bound and, therefore, it ■ was unilateral and unenforceable.

"It is elementary that contracts which depend for performance upon the wish, the will, or the pleasure of one of the parties are unilateral and cannot be enforced. The authorities cited by respondent support this proposition if, indeed, support is needed. One of these authorities is 13 Corpus Juris, sec. 704, p. 634, where the rule is thus stated: 'A promise which is made conditional on the will of the promisor is generally of no value, for one who promises to do a thing only if it pleases him to do it is not bound to perform it at all.' That is as it should be. There is no accounting for the tastes of people either in everyday life or in courts of law and no tests for tastes or whims or wishes can be devised. But a different rule of law should and does govern those functions of men to which a rule of reason can be applied. Of these there are acts which by agreements permit or require the exercise of judgment, or discretion, measured and limited by the concrete, extrinsic facts and circumstances of the particular case. These acts, predicated on the judgment of the actor, are capable of being tested by other men, applying the powers of their own minds and the lessons of human experience to the thing done and under scrutiny.

"The reports abound with cases where work is to be done or goods bought to the satisfaction of the hirer or buyer. It is uniformly held in these cases that the person who is to be satisfied may accept or reject the work or the merchandise without accountability for the particular sentiment which he may express. These rules of decision

have peculiar force in cases involving artistic sensibilities and exquisite tastes, in the purchase of paintings, statuary, and the like. But in the cases where the work to be done or the property to be bought is to be subject to the approval of a third person, that person, even though he be the attorney or agent of the hirer or buyer, must exercise his powers of judgment in good faith, without caprice, or bias or prejudice, and subject to the scrutiny and review of courts of justice. And thus it was held, in the case of Livesley v. Johnston, 45 Or. 30, 76 P. 946, 65 L. R. A. 783, 106 Am. St. Rep. 647, upon demurrer to a petition for specific performance of a contract to sell hops to plaintiff, that the contract was not void for want of mutuality because it contained a clause 'leaving the quality and condition of the hops at the time of delivery to the *judgment* of the buyer.' (Italics ours.) Of the privilege of exercising judgment, the Oregon Supreme Court said in this case, loc. cit. 788, 76 P. 946 : 'Livesley & Co. could not reject the hops upon mere whim or sheer volition, but must in good faith exercise an honest judgment in the premises, and unless they, by themselves or through their agent, so rejected them, they would nevertheless be bound for the price. Being a party and passing judgment upon their own case, good morals and decent propriety would suggest that they act with circumspection and a considerate regard for the rights of the seller as well as their own; and the law will look with greater scrutiny upon their determinations than if they were wholly disinterested arbiters. While this condition qualifies to a certain extent the promise to accept and pay for the hops, if choice in quality and in good condition, as agreed upon, it does not, by negation, destroy the efficacy of the promise. If the sale had been the ordinary one of goods or chattels, the buyer, as we have seen, would have exercised his judgment as to rejection at his peril, and the goods or chattels could be shown, notwithstanding, to be of the quality and condition agreed upon. In a sale like the one at bar, the buyer must also accept, unless in his honest judgment, exercised in absolute good faith, the commodity is not such as was contracted for.' " Fullington v. Ozark Poultry Supply Co., 327 Mo. 1167, 39 S. W. (2d) 780, l. c. 782-783.

In the case at bar, the right to determine if the house was termite free which the agreement gave appellants was not an option but, rather, it required the exercise of judgment or discretion, measured and limited by concrete extrinsic facts in this ▮ instance. These acts, predicated on the judgment of appellants, are capable of being tested by other men, applying the powers of their own minds and reasons of human experience to the thing done. In other words, if the house was termite free that fact could be established by other men as well as appellants and, therefore, appellants were required to use their sound discretion in determining that fact. The amended petition states that appellants did satisfy themselves of the fact that the house

was termite free, and that they informed and advised respondents of that fact before September 1, 1944.

From what we have said, it follows that the trial court erred in sustaining respondents' motion challenging the sufficiency of appellants' amended petition. The judgment of the trial court is reversed and remanded with directions to reinstate this case on the docket of that court for trial. It is so ordered. All concur.