249 S.W.2d 358 (1952)
DRAKE et al.
v.
HICKS et al.
No. 42778.
Supreme Court of Missouri, Division No. 2.
June 9, 1952.
Witherspoon, Lewis & Draper, St. Louis, for appellants.
William C. Connett, IV, Thomas V. Connelly, St. Louis (Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel), for respondents.
*359 BENNICK, Judge.
This is a suit for the specific performance of a contract to convey certain real estate known as 4460-62 Enright Avenue, in the City of St. Louis.
The plaintiffs are Kermit Drake and Wylor Dean Drake, his wife, the prospective purchasers of the property. The principal defendant is Fred Hicks, the owner of the property. The other defendants, Willie Joe Parker and Frankie Matthews, are the persons named as lessees in certain purported leases which the court found to have been executed by Hicks, not in good faith, but for the purpose of aiding him in avoiding the terms of his contract.
On September 9, 1950, Hicks entered into a written contract for the sale of the property to plaintiffs for the total sum of $12,000, of which $300 was thereby receipted for as earnest money; the sum of $8,700 was to be paid in cash upon the closing of the sale; and the remaining $3,000 was to be evidenced by notes of $90 each, payable monthly, bearing interest at 6% per annum, and secured by a second deed of trust which was to be subject to an outstanding first deed of trust for $7,500.
The contract further provided that the sale was to be closed on or before October 2, 1950, at the real estate office of Oreon E. Scott in St. Louis, and that time was to be of the essence of the contract.
Hicks and the Drakes had previously arranged to meet in Scott's office on September 9th for the preparation of the necessary papers in confirmation of the oral agreement that had been reached between them; and it was Scott who drew the contract and accepted and retained the deposit of the earnest money. Scott had agreed to undertake the financing for the Drakes, but, according to his version of the transaction, did not otherwise purport to act as agent for either party.
The deal was of course not closed on or before October 2nd as had been provided by the contract; and the principal question in the lower court was which of the parties was reponsible for the failure of performance. Plaintiffs' evidence was to the effect that Hicks had theretofore announced his repudiation of the contract, and that it was because of such fact, and in reliance upon advice from Scott, that plaintiffs did not appear at Scott's office on the day fixed for the closing of the deal. Hicks denied that he had ever told plaintiffs or anyone else that he would not go through with the sale, but insisted, on the contrary, that not only had he been at all times ready and willing to carry out his part of the transaction, but that he had in fact waited for plaintiffs outside Scott's office during the whole of the afternoon of October 2nd.
Even though plaintiffs did not appear at Scott's office on October 2nd, they did go there on October 3rd and completed the arrangements for financing the transaction. However Hicks was then unwilling to close the deal, and this suit for specific performance followed.
There is no question in the case regarding the sufficiency of the pleadings, of which it is enough to say that they set out the facts in substantially the same fashion as they have heretofore appeared in our own statement of the case.
The court took the case under advisement, and in due time entered an interlocutory finding and decree that plaintiffs were entitled to specific performance, provided they should comply with their own obligations under the contract; and that if, within 10 days, they would deposit with the clerk the amount to be paid in cash together with "second deed of trust and notes as called for under the terms of the sales contract", the court would then order that title be passed.
Thereafter the court entered a final decree in which, having found that plaintiffs had meanwhile complied with the provisions of the interlocutory order by a deposit of cash and "notes secured by second deed of trust as called for in the terms of the sales contract", the court adjudged that title be divested out of defendant Hicks and be vested in plaintiffs subject to the liens of the first and second deeds of trust.
Within due time defendants filed their motion for a new trial in which they set up, among other things, that the court had erred in rendering such final decree for the reason *360 that plaintiffs had not in fact complied with the terms of the interlocutory decree.
The motion being overruled, defendants gave notice of appeal, and by proper successive steps have caused the case to be transferred to this court for its review.
Inasmuch as a case of this character involves title to real estate within the meaning of Art. V, Sec. 3, Constitution of 1945, V.A.M.S., appellate jurisdiction is vested in this court. State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W.2d 878; Barnes v. Stone, 198 Mo. 471, 478, 95 S.W. 915; Herzog v. Ross, Mo.App., 192 S.W.2d 23.
While the three defendants joined in the appeal, the points for decision are all confined to matters in controversy between Hicks and plaintiffs.
There is no merit in the suggestion that specific performance should have been denied upon the ground that the contract for the sale of the property was uncertain, indefinite, and incomplete in its essential terms. On the contrary, its provisions were amply sufficient to warrant a decree that they be carried out. Herzog v. Ross, 355 Mo. 406, 196 S.W.2d 268, 167 A.L.R. 407; Rayburn v. Atkinson, Mo.Sup., 206 S.W.2d 512; Henleben v. Krause, Mo.Sup., 209 S.W.2d 888.
As a matter of fact, Hicks' real complaint is not that the contract was uncertain, indefinite, and incomplete, but rather that plaintiffs themselves did not comply with those provisions of the contract which were conditions precedent to the right to compel performance by him. To be precise, he insists that the notes and the second deed of trust which were tendered by plaintiffs in purported obedience to the interlocutory decree were not such as were required by the terms of the contract, and that the court was consequently in error in entering a final decree for specific performance upon the theory of compliance on the part of plaintiffs.
There are two propositions that are fundamental in the law of specific performance. The one is that the court will not make a contract for the parties, and that if it undertakes to enforce their own contract, it will require the performance of neither more nor less than that which the parties themselves have agreed to do. Baldwin v. Corcoran, 320 Mo. 813, 7 S.W.2d 967; Rayburn v. Atkinson, supra. The other is that the party who seeks relief must show his performance or offer of performance of every essential obligation resting upon him before the other party may be compelled to perform. Parkhurst v. Lebanon Publishing Co., 356 Mo. 934, 204 S.W.2d 241; Long v. Rogers, Mo.App., 185 S.W.2d 863.
It will be recalled that by the provisions of the contract plaintiffs were required, among other things, to execute notes aggregating $3,000 but of the face amount of $90 each, payable monthly, bearing interest at the rate of 6%, and secured by a second deed of trust.
In contemplation of the closing of the deal the notes and deed of trust were executed in Scott's office on September 26th, quite some time after the signing of the contract, and shortly before the day fixed for the completion of the transaction. The notes were 36 in number, the first 35 for $90 each, and the 36th for $139.80. However instead of being made payable to Hicks to whom the money would have been owing, the notes were made payable to one John F. Schrontz, a straw party whose name Scott elected to use for some unexplained reason. Schrontz was also named as third party in the deed of trust; and the plan seems to have been for Schrontz, the ostensible payee, to endorse the notes to Hicks without recourse. The deed of trust had previously been filed for record; and after the entry of the interlocutory order the deed of trust and series of 36 notes were tendered into court in purported compliance with the order, and were found by the court to have been notes and a deed of trust "as called for in the terms of the sales contract".
For his first objection Hicks complains of the inclusion in the deed of trust of a provision granting plaintiffs the privilege of paying the indebtedness secured by such deed of trust in full or in part at any time upon notice to Scott, the trustee, with interest to cease on the principal amount so paid from the date of such principal payment.
*361 Inasmuch as the contract had been made for the benefit, not only of plaintiffs, the purchasers, but also of Hicks, the vendor, the latter had the undoubted right to insist upon strict compliance with the provision for a deferred interest-bearing payment of a portion of the purchase price; and the court was consequently in error in holding that such provision had been satisfied by the tender of a deed of trust containing a prepayment privilege such as was inserted in the deed of trust in question. Baldwin v. Corcoran, supra; Terry v. Michalak, 319 Mo. 290, 3 S.W.2d 701.
A second and perhaps more serious objection is directed at the arrangement whereby the notes and deed of trust were executed in favor of Schrontz, the straw party, instead of in favor of Hicks to whom plaintiffs would have been indebted in the event of performance of the contract. There was nothing in the transaction to cause plaintiffs to become indebted to Schrontz; and the notes and deed of trust which falsely purported to evidence such indebtedness were therefore void for want of consideration, and not of a character which Hicks was bound to accept.
A copy of the deed of trust which plaintiffs tendered into court in purported compliance with the interlocutory order has been transmitted to this court and deposited with the files. Indeed there is no question but that the deed of trust and the notes which it secured contained the particular matters of which Hicks complains. Nor can it be said that the objections he raises are mere afterthoughts, and that there was no preservation of his points in the motion for a new trial. On the contrary, he set up, as we have already indicated, that the court was in error in entering its final decree for the reason that plaintiffs had not complied with the terms of the interlocutory order, which terms were that the court would decree specific performance if plaintiffs would deposit with the clerk, within 10 days, a second deed of trust and notes "as called for under the terms of the sales contract". While plaintiffs deposited the notes and deed of trust well within the designated period, the trouble was that in the two material respects pointed out they were not such notes and deed of trust as were called for by the contract.
It follows that the judgment of the circuit court should be reversed and the cause remanded with directions to the court to reinstate its interlocutory decree as the basis for such further proceedings consistent with the views herein expressed as the facts and circumstances may require. It is so ordered.
All concur.