Victor L. ARNOLD, (Plaintiff) Respondent,

v.

Lois L. SMITH and Doris J. Smith, (Defendants) Appellants.

No. 52821.

Supreme Court of Missouri, Division No. 2.

Feb. 10, 1969.

**720**

H. L. C. Weier, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for plaintiff-respondent.

Duff & Newman, Morton R. Newman, St. Louis, for defendants-appellants.

HOLMAN, Judge.

This is an action for specific performance of a written contract for the sale and conveyance of a tract of land containing

14.44 acres. A trial resulted in a decree in favor of plaintiff (purchaser) and against the defendants (sellers). In addition to ordering the property conveyed to plaintiff the trial court allowed plaintiff 6% interest on the purchase price from the date the contract should have been performed as "interest expense incurred." Defendants have appealed. We have appellate jurisdiction because title to real estate is directly involved.

The contract in question was dated May 24, 1965, and was written on a printed form prepared for use by Arthur Neubauer Realty Company, Inc. Defendant Lois L. Smith worked as a salesman for that company; the company, however, did not represent either of the parties in this transaction and did not execute the contract. Because the contract was written on the printed form of the Realty Company there were certain provisions which probably would not be considered applicable under the circumstances. In substance, the contract provided that plaintiff would purchase the land here involved for $18,750— $300 being paid as earnest money and the balance of $18,450 to be paid on the closing date which was stated to be May 15, 1965. A written extension of the closing date to May 27, "in Hillsboro," appears on the back of the contract and is signed by both of the defendants. Other provisions of the contract relating to points raised on this appeal are hereinafter mentioned.

Plaintiff testified that he was a builder of residential units and desired to purchase this tract in order to construct homes thereon. He said it was vacant land, subdivided on paper, but that there were no stakes on the land; that he had the title run, had borrowed $19,000 from the bank of Antonia and had the money on hand to close the deal on May 13, 1965; that he so advised Mr. Smith but at Mr. Smith's request the closing time was extended to May 17; that they met in the office of his attorney, Mr. Schubel, in Hillsboro, on the 17th but did not close the deal and the closing date was extended until May 27;

that Mr. Smith would not close on the 17th because he "wanted me to give him a roadway to his adjacent property and the use of a lagoon"; that on May 27 he talked with Mr. Smith but Smith wanted to fix another closing date which he would not agree to; that he went to Mr. Schubel's office on the 27th with a cashier's check for the amount of the purchase price but the Smiths did not appear; that on May 26, he had received by registered mail from the Smiths the $300 check he had given as earnest money which Mr. Smith had not cashed; that he redeposited the amount of the purchase price in his account on June 5, 1965.

Dwight Schubel testified that the parties met in his office on May 17; that plaintiff agreed to close the transaction on that date but defendants would not because they were endeavoring to get plaintiff to permit them to use a road and lagoon on the property.

Defendant L. L. Smith testified that plaintiff called him on May 14 and said he wanted to complete the sale, but that he told him it was "too short a notice" and that they agreed to postpone the closing date until the 17th; that they met in Hillsboro on the 17th but did not close the sale that day because they disagreed on his request for a right-of-way through the property to a tract he owned adjacent thereto, and also the use of a sewage lagoon; that they extended the date to May 27, but on May 24 he mailed the earnest money check to plaintiff and thereafter would not have accepted the purchase price if it had been tendered.

The trial court, on October 26, 1966, entered a judgment decreeing specific performance and directing that plaintiff pay the sum of $18,750 into the registry of the court and that defendants execute a warranty deed conveying the property to plaintiff and deliver same into the registry of the court. It was also ordered that out of the purchase money the clerk should pay a note secured by a deed of trust executed by defendants, and that certain other items

be paid including plaintiff's incurred interest expense on the purchase money from May 17, 1965, at the rate of 6%, and that the balance remaining in the registry of the court be thereafter paid to defendants.

It seems apparent to us that after the contract was executed L. L. Smith decided that he did not want to sell the property to plaintiff because plaintiff would not agree to certain additional matters which were not a part of the contract. He then sought to find some legal justification for his refusal to carry out the contract. As will appear from our discussion of the defendants' contentions he has been unsuccessful in that endeavor.

■ Defendants say that the court erred in ordering performance because plaintiff had not complied with certain provisions of the contract. The first point relates to a provision that the contract was "subject to the purchaser obtaining necessary loan on or before April 15, 1965." Plaintiff testified that he had a loan commitment before that date and so advised Mr. Smith, but that he did not actually obtain the money until May 13, 1965. The provision in question was placed in the contract at the request of plaintiff and was obviously an escape clause so that if plaintiff was unable to obtain financing he would not lose his earnest money payment. We rule that defendants are in no position to complain of the fact that plaintiff had not obtained the money on the loan by April 15 so long as he had it available on the date the contract should have been closed.

■ One of the printed provisions of the contract was that "Arthur Neubauer Realty Co., Inc., is authorized to order title examined." Defendants say that the contract cannot be enforced because the Realty Company did not order the title examined. There is no merit in that contention. We have already pointed out that the Realty Company was not the agent of either party to the contract. Under the contract, plaintiff was required to pay for the certificate of title. He obtained the

certificate from the Jefferson County Abstract Company and paid for it. Under the circumstances here presented, it was not a violation of an essential provision of the contract for plaintiff to order the certificate of title instead of such being done by the Realty Company.

■ The contract contained a provision that "Seller shall furnish general warranty deed." Defendants did not furnish any deed because they refused to carry out the contract. However, it developed in the testimony that the attorney plaintiff had engaged to supervise the closing of the contract had prepared a deed which defendants could have used to convey the property. Defendants' contention that the preparation of that deed violated the contract is wholly without merit. Defendants were not compelled to use that deed but could have prepared their own as required by the contract. If they had used the deed that had been prepared they would merely have taken advantage of plaintiff's voluntary act in having it prepared.

■ The certificate of title showed that there was a deed of trust on the land, signed by defendants, which secured a note in the face amount of $8,000. The contract provided that the title should be merchantable and that it should not be transferred subject to any deed of trust. Plaintiff testified that he expected the note secured by the deed of trust to be paid out of the purchase money at the time of closing. Defendants seem to contend that plaintiff was not entitled to specific performance because that deed of trust was of record on the date the sale should have been closed. We rule that contention against defendants. It was their obligation to remove that deed of trust from record. Plaintiff had no obligation whatever concerning that lien.

■ It is also contended by defendants that plaintiff was not entitled to specific performance because he did not tender the balance of the purchase price on May 17.

That point is also without merit. There was no occasion for plaintiff to tender any money at that time because defendants admittedly were unwilling to close the deal that day unless plaintiff agreed to certain conditions which were not contained in the contract. The closing time was extended until May 27, at which time plaintiff appeared with a cashier's check in the correct amount, but defendants had already repudiated the contract. Under the circumstances plaintiff did not violate the contract by failing to tender the money on the 17th. We rule this point against defendants.

In support of the contentions heretofore discussed defendants have cited a number of cases, including Ferguson v. Kindle, Mo.Sup., 396 S.W.2d 626, Kyner v. Bryant, Mo.Sup., 353 Mo. 1212, 187 S.W.2d 202, and Barr v. Snyder, Mo.Sup., 294 S.W.2d 4. While those cases state certain established rules that are applicable in this type of case, they are factually distinguishable from the case at bar and do not support defendants' contentions.

As a supplement to the foregoing contentions defendants say that in order for the trial court to hold that plaintiff had complied with the contract it had to rewrite the contract, which is prohibited under the law. It is true, as stated in Drake v. Hicks, Mo.Sup., 249 S.W.2d 358, 360, that there are "two propositions that are fundamental in the law of specific performance. The one is that the court will not make a contract for the parties, and that if it undertakes to enforce their own contract, it will require the performance of neither more nor less than that which the parties themselves have agreed to do. Baldwin v. Corcoran, 320 Mo. 813, 7 S.W.2d 967; Rayburn v. Atkinson, supra [206 S.W.2d 512]. The other is that the party who seeks relief must show his performance or offer of performance of every essential obligation resting upon him before the other party may be compelled to perform. Parkhurst v. Lebanon Publishing Co., 356 Mo. 934, 204 S.W.2d 241; Long v.

Rogers, Mo.App., 185 S.W.2d 863." The alleged violations relied on are the same as we have heretofore ruled adversely to defendant. In summary, we rule that the contract ordered performed was the contract, in all essential respects, which was entered into by the parties; that plaintiff performed or offered to perform every essential obligation which the contract placed upon him and that he did not violate any essential provision thereof. The trial court did not err in decreeing specific performance.

The final point briefed by defendants is that the court erred in allowing plaintiff interest at 6% on the amount of the purchase price from May 17, 1965. In his petition plaintiff alleged "that the whole sum of $18,750.00, the purchase money mentioned in said agreement, has been raised by him and is unproductive in his hands since the 15th day of May, 1965" and he prayed "that defendants pay to plaintiff interest on said purchase money from the 15th day of May, 1965." The trial court did not allow interest on the theory that the money had been held unproductive while plaintiff held himself in readiness to pay it at any time that defendants might have decided to comply with the contract. Its theory, as disclosed by the judgment, was an allowance for interest expense incurred by plaintiff. Defendants correctly assert that there was no evidence showing the amount of the interest expense plaintiff had incurred. We may add, also, that there was no evidence to show that plaintiff held the money, unproductive, in readiness to close the contract from June 5, 1965, until the date he deposited it with the circuit clerk, i. e., November 9, 1966.

We have the view, however, that the trial court was correct in holding that the legal rate of interest could be allowed in a case of this nature even though it assigned the wrong reason for such allowance under the facts of this case. The case of Kennedy v. Koopmann, 166 Mo. 87, 65 S.W. 1020, is specific authority for the allowance of interest in this type of situa-

tion. There it was held that a vendee, under a contract to purchase land, who had kept money available to pay for the land when the vendor furnished a good title was entitled to recover interest on the money where the vendor failed to provide a good title. Also, by analogy, it would appear that the allowance is supported by the cases holding that a court of equity which decrees specific performance may also award damages resulting from delay in performance. Anno. 95 A.L.R. 228. The award is also supported by general equitable principles as indicated by the following: "Equity may, when its jurisdiction is invoked to obtain the specific enforcement of a contract * * * award damages or pecuniary compensation to the plaintiff along with specific performance when the decree as awarded does not give complete and full relief. This is a further outgrowth of the right long exercised by equity courts of adjudicating all matters properly presented by and actually involved in the case at hand, when jurisdiction is once assumed on equitable grounds." 49 Am.Jur., Specific Performance, § 174, p. 198.

 We accordingly hold that under the particular facts of this case the plaintiff was entitled to recover interest at the rate of 6% for such time, from May 27, 1965, until the date title vests in him in accordance with the judgment, as it is shown that the purchase price was held unproductive in preparation for completing the purchase. We have the further view that as a general rule, in cases of this nature, there is a duty on the vendee to minimize the interest loss by depositing (within a reasonable time after the vendor fails or refuses to perform) the amount of the purchase price in an interest bearing account so that any interest that may be earned will be credited to reduce the interest recovery. If it should appear in this case that the circuit clerk has kept this fund in an interest bearing account the defendants are entitled to the benefit of any interest earned.

The portion of the judgment ordering specific performance is affirmed. The cause is remanded, however, with directions to the trial court to modify the judgment so that it will provide that the plaintiff recover 6% interest on the amount of the purchase price for the periods from May 27, 1965, to June 5, 1965, and from November 9, 1966, until the date the title to the land is vested in plaintiff. The costs of this appeal shall be assessed one-half against plaintiff and one-half against defendants.

It is so ordered.

All concur.