Richard COCHRAN and Connie Cochran, Plaintiffs-Appellants,

v.

Henry DeSHAZO and Margaret DeShazo, Defendants-Respondents.

No. 10441.

Missouri Court of Appeals, Southern District, Division One.

March 26, 1979.

Clyde A. Butts, R. Jack Garrett, Michael L. Shortridge, West Plains, for plaintiffs-appellants.

Richard D. Moore, West Plains, for defendants-respondents.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiffs Richard and Connie Cochran filed suit seeking to enjoin defendants Henry and Margaret DeShazo from cutting timber on land allegedly described in a so-called "Option to Buy Additional Acres." Later plaintiffs filed another cause of action against defendants seeking specific performance of the option and for damages. Defendants counterclaimed in the first lawsuit for damages from plaintiffs. The two cases were consolidated and, on trial to the court, it denied relief to the plaintiffs. A prior appeal was dismissed because the counterclaim remained pending. *Cochran v. DeShazo*, 538 S.W.2d 598 (Mo.App.1976). After remand, the court entered formal judgment denying relief to plaintiffs and ruling in favor of plaintiffs on defendants' counterclaim. Plaintiffs again appeal. We affirm.

Defendants owned a tract of land in Howell County. Plaintiffs did not have sufficient funds to purchase the amount of land they desired. Plaintiffs purchased from defendants 23.54 acres of land and entered into a written agreement with defendants which contained the option in dispute. The option, prepared by plaintiffs, read as follows:

"*Option to Buy Additional Acres*

The seller agrees to allow the buyer to buy additional acreage to make a total of 40 acres unbroken. This additional acreage (approx. 16.5 acres) will be sold buyer for $180 per acre. The location of land

included in the option has been verbally agreed upon by both buyer and seller. On the west it extends to the bottom of the first gully, thence north, thence east to an existing north-south fence. Said fence is approximately 500 feet east of the NW corner of the 23.54 acres already sold. * * * "

 The description of the land included in the option cannot possibly be ascertained from reading the option. There is no provision as to where the land would start on the south, whether or not the west line would be parallel to the land already purchased by plaintiffs, or how far north the boundary would go before proceeding east to the existing north-south fence. It is abundantly clear that the option cannot be enforced by a court of equity unless plaintiffs' evidence established to the court's satisfaction the location of the land actually agreed upon by plaintiffs and defendants.

Plaintiff Richard Cochran testified that on the only occasion prior to executing the option that he discussed the land to be included in the option with defendant Henry DeShazo, they stood on the land already purchased by plaintiffs. They didn't step off anything and didn't have any specific measurements. The gully referred to in the so-called option does not run parallel to the western boundary of the plaintiffs' land, but runs at an angle to the northwest. On the other side of the gully at its southern end is pasture while on the north it is brushy. Plaintiff Richard Cochran conceded that, after the option had been prepared, a dispute arose between the parties as to whether any pasture land was to be included in the land to be purchased by plaintiffs. In addition, plaintiff Richard Cochran conceded that the land being discussed might not come out to be 16½ acres but that would be cured by having the additional acreage "come out of the scrub brush."

At the close of plaintiffs' evidence the court declined to grant relief to plaintiffs for the reason that the so-called option was too indefinite, vague and uncertain to be enforced by a court of equity.

Plaintiffs rely upon *Herzog v. Ross,* 355 Mo. 406, 196 S.W.2d 268 (1946) and *Smith v.*

*Wilson,* 160 Mo. 657, 61 S.W. 597 (1901), for the rule that realty need not be fully and accurately described as long as the writing affords means whereby identification may be made perfect and certain by parol evidence. In *Herzog* the description was "Property known as and numbered as 6850 Plateau, * * *." The court quoted the above rule from *Black v. Crowther,* 74 Mo. App. 480 (1898) and held that the description, "6850 Plateau" was sufficient because the realty could be identified by parol evidence.

We also agree with the above rule of law. However, in this case, it is totally impossible to determine the land covered from the wording of the option or plaintiffs' evidence. Although plaintiffs furnished the trial court with a sketch of an "L" shaped tract of land adjacent to plaintiffs' land which could be the land covered by the option, plaintiff Richard Cochran's testimony was too vague, indefinite and uncertain to permit anyone to conclude that the land shown in the sketch had been agreed upon by plaintiffs and defendants. The trial court correctly declined to grant relief to plaintiffs. The judgment is affirmed.

FLANIGAN, P. J., TITUS, J., and MOORE and KENNEDY, Special Judges, concur.