Robert COOK and Eleanor
Cook, Respondents,

v.

Henry EILERS, Appellant.

No. 40551.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 31, 1979.

Daniel W. Brown, St. Louis, for appellant.

Lawrence B. Grebel, St. Louis, for respondents.

REINHARD, Presiding Judge.

Appeal from a judgment decreeing specific performance of a real estate sale contract on plaintiff-buyers' behalf. We affirm.

The parties submitted the case to the trial court on the following stipulated facts: Plaintiffs contacted defendant in response to certain newspaper advertisements in which defendant offered his residence for sale at a price of $29,500. After plaintiffs secured an appraisal of the home at $27,000, the parties signed a form land sale contract establishing the purchase price at $27,900, and which acknowledged receipt of certain earnest money. Defendant later repudiated the contract and caused plaintiffs' earnest money deposit to be refunded. Plaintiffs have held themselves out as ready, willing and able to perform by payment in full of the purchase price, at the time scheduled for closing and since.

The conflict on this appeal centers on certain imperfectly expressed terms of the "fill-in-the-blank" form contract, set out in pertinent part below (Those portions of the contract that constitute the pre-printed form are in Roman type, whereas the terms typed in the blanks by the parties appear in italics):

. . . which property is this day agreed to be sold to purchaser subject to approval of seller by noon of _____, 19__, and not otherwise (and if not so approved earnest deposit shall be returned to purchaser) for the total sale price of *Twenty Seven Thousand Nine Hundred* Dollars ($*27,900*) on the following terms:

Earnest deposit made as per this
receipt ......................... $ *1,000*
Additional earnest deposit to be
made by purchaser on _____,
19__ ......................... $_____
Cash to be paid on closing date of
sale as hereinafter fixed (subject to
adjustments as herein provided) .. $ *7,000*
Deed or deeds of trust of record,
subject to which title shall be transferred ......................... $_____
description:

*Earnest money to be deposited it* [sic] *Missouri Title Co. 904 Chestnut*

Deed or deeds of trust to be accepted by seller as part purchase
money ....................... $_____
(Insert terms including type of loan, interest rate, method of payment, term of years, prepayment privilege, if any commission, if any, and any special provisions.)
*Purchaser to obtain loan*
*Deal subject to termite inspection to be completed by July 1st*

The contract, dated June 27, 1977 had a November 12, 1977 closing date.

In support of its judgment ordering specific performance, the trial court entered conclusions of law to the effect that an uncertainty existed in the portion of the contract above quoted as to the method of payment of the purchase price; that this uncertainty did not relate to an essential element of the contract; and that where such an uncertainty exists, the manner of payment is impliedly by cash. The court ordered closing to take place within 3 months of the date of its judgment.

On appeal, defendant contends that the trial court erred in finding that an enforceable contract exists between the parties for the reason that the contract is "vague and uncertain as to the sales price of the real estate . . . and sales price is an essential element of any real estate contract." Although defendant abandoned this contention by failing to develop the point in the argument portion of his brief, we note that the trial court was correct in finding there was no uncertainty as to the sales price itself, that clearly being $27,900.

The trial court did find, because of the disparity between the stated purchase price ($27,900) and the amounts required to be paid by closing ($7,000 cash plus the $1,000 earnest deposit) with no provision for the payment of the remainder, that an uncertainty existed as to the method of payment of the purchase price. While defendant agrees with this finding, he takes issue with the remainder of the order below, insisting that the contract was unenforceable in that the manner of payment is an essential ele-

ment of a contract, and may not be supplied by the court. Defendant also claims that the trial court erred in decreeing that cash be implied as the means of payment where no other manner is specified.

This precise factual situation has apparently never been treated in a reported case in Missouri. However, certain Missouri cases which have undertaken to catalogue the "essential" elements of a contract, absence of which is fatal to an action for specific performance, fail to include means or method of payment in their litany: "The essential terms of a contract for it to be specifically performable, [are] as follows: '. . . (1) The parties; (2) The subject matter; (3) The promises on both sides; (4) The price; and (5) The consideration'", *Wilkinson v. Vaughn*, 419 S.W.2d 1, 6[10] (Mo. 1967), citing *Ray v. Wooster*, 270 S.W.2d 743 at 752 (Mo.1954).

▪ Nevertheless, it is clear that, under certain circumstances, contractual provisions as to manner or means of payment are treated as "essential" terms for the purpose of specific performance. Where the parties to an agreement have *expressly* provided that terms governing the manner or means of payment of consideration are left *to be agreed upon at some future time*, the courts will not supply the missing terms in specific performance proceedings, *Huff v. Shepard*, 58 Mo. 242 (1874). The underlying rationale is that:

> So far as the defendant had bound itself at all, it was upon an express stipulation that the terms of payment should be only such as he might thereafter consent to in a further agreement. Time—being included in the terms—thus became of the essence of the contract.
>
> Such an undertaking to settle terms at a future day, is beyond the reach of any decree for specific performance. The court cannot compel the parties to agree.

*Huff v. Shepard*, l.c. at 247.

▪ Similarly, where the parties have expressly provided for deferred payments of the purchase price, but neglected to specify amounts or times for such periodic payments, specific performance will not lie.

*Baldwin v. Corcoran*, 320 Mo. 813, 7 S.W.2d 967 (1928); *Terry v. Michalak*, 319 Mo. 290, 3 S.W.2d 701 (1928). The rationale for the rule with regard to deferred payments is that the court cannot be expected to supply terms governing the nature and amount of security for the deferred obligation, evidence of the obligation, or regulation of interest or prepayment privileges, *Terry v. Michalak*, supra at 704. The parties having announced their intention to become involved in the added complexities of a deferred payment agreement, those complexities rise to the level of materiality, and will not be supplied unilaterally by a court of equity.

▪ However, where, as here, no attempt is made to put off an agreement as to means of payment of the contract price, or deferred payments are not contemplated, and it appears that agreed payment terms are merely omitted or imperfectly stated, these rationales do not obtain.

In the instant case, no attempt was made to defer agreement as to payment terms. The contract itself, as set out above, contains a provision calling for plaintiffs to obtain a loan in payment of the purchase price. This provision was typed in by the parties, and was not a part of the printed format of the contract. This precludes any inference that deferred payments were intended. Also, the space provided for details concerning any purchase money deed of trust to be taken by the seller, and which would be utilized for securing any deferred payments due him, was left blank.

▪ In such a case, it has been held that tender of performance by payment of the full purchase price in cash cures the formal defect of the written agreement as to means or manner of payment, the law implying that money is to be the medium of payment, *Matlack v. Arend*, 2 N.J.Super. 319, 63 A.2d 812, 817[8] (1949). Further, where such a tender of performance is made, the seller's failure to raise the ground of his right to receive deferred payments operates as a waiver of whatever right, if any, he had to so insist, *Taylor v.*

*Wells*, 188 Or. 648, 217 P.2d 236, 241[6] (1950). The record below reveals no such protestation on defendant's part in response to plaintiffs' having held themselves out as ready, willing and able to perform by payment in full, in cash, of the purchase price. Further, at no point in these proceedings has defendant contended that deferred payments were contemplated.

■ Accordingly, we hold that where it appears that the parties to a contract did not contemplate deferred payments as a means of paying the purchase price, and where the parties did not expressly undertake to defer an agreement as to the method of payment of that price to some future time, the mere omission or imperfect expression of terms in the contract relating to means or method of payment will not operate as a bar to specific performance, the contract being otherwise enforceable, *Taylor v. Wells*, supra, *Matlack v. Arend*, supra.

■ This leaves the question of the propriety of the trial court's conclusion that, where terms of a contract are silent as to the manner or method of payment, payment in cash will be implied for purposes of enforcing performance. The trial court's statement correctly declares the law in this regard, *Swedish-American Nat. Bank v. Merz*, 179 N.Y.S. 600 (N.Y.Sup.1919); see also *Matlack v. Arend*, supra.

The motion filed by plaintiffs for damages for frivolous appeal, and which we ordered taken with the case on submission, is hereby denied.

Finally, the time set for closing by the trial court under the decree of specific performance has elapsed during the pendency of this appeal. Accordingly, it is further ordered that the date of closing shall be no later than 60 days from the date of this court's mandate herein.

Affirmed.

GUNN and CRIST, JJ., concur.