**Robert COOK and Eleanor Cook, Respondents,**

v.

**Henry EILERS, Appellant.**

No. 42436.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 30, 1980.

Rehearing Denied Nov. 14, 1980.

Daniel W. Brown, St. Louis, for appellant.

Lawrence B. Grebel, St. Louis, for respondents.

PUDLOWSKI, Judge.

Appeal from a final order which set the date for closing a real estate sale contract. We reverse.

This is the second appeal in this case. It originated as an action for specific performance of a real estate sale contract. By our opinion dated July 31, 1979 and reported in 586 S.W.2d 42 (Mo.App.1979), we determined that plaintiffs, the prospective buyers, were entitled to specific performance of the contract and remanded the cause with the following directions: "[I]t is further ordered that the date of closing shall be no later than 60 days from the date of this court's mandate herein." The record shows that our mandate was issued on September 5, 1979 and filed in the trial court on September 13, 1979. Further, it is apparent that neither plaintiffs nor their attorney attempted to close or set a closing date until November 15, 1979. On that date plaintiffs' attorney sent a letter to the trial judge to whom the cause had been remanded advising the court that he could arrange for a closing in January, 1980. No excuse or explanation was offered for requesting this late closing date. On December 17, the trial court entered the order, from which defendant appeals, setting January 3, 1980 as the date for closing the contract.

Defendant argues that the trial court's order to close the contract on January 3, 1980, was null and void because that date was past the 60 day maximum mandated. We agree.

 It is clear that the trial court was proceeding in violation of the mandate of this court. Because the mandate was issued on September 5, 1979, plaintiffs had until November 5, 1979 to close. The record shows no action was taken until November 15, 1979. Because the trial court's duty was to proceed in conformity with the mandate, the closing must have occurred, if at all, within the 60 day period. *City of St. Charles v. Schroeder*, 510 S.W.2d 202, 203 (Mo.App.1974). The trial court was without power to modify, alter, amend or in any manner depart from our judgment. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo. 1960). Thus, its order contrary to our mandate was null and void. *State v. Allison*, 384 S.W.2d 544, 548 (Mo.banc 1964); *Morrison v. Caspersen*, 339 S.W.2d at 792; *Prasse v. Prasse*, 342 Mo. 388, 115 S.W.2d 807, 809 (1938). We therefore hold that plaintiffs' having allowed the 60 day period to expire are no longer entitled to specific performance of the sale of the real estate contract.

The judgment is reversed and the cause remanded with directions to enter such a judgment. Furthermore, appellant is hereby ordered to return any funds received from respondent pursuant to the sale of the land contract, including the earnest money.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.