Mr. Dave Harrington Executive Director Arkansas Industrial Development Commission One State Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Harrington:
This is in response to your request for an opinion regarding a county hospital's transfer of funds to a county-wide development organization established pursuant to Act 404 of 1955. You have asked, specifically, whether the hospital board may legally transfer funds to such an entity.
If the funds proposed to be used for this purpose consist of monies appropriated by the county, such a transfer would be impermissible under several alternative theories. A county's attempt to earmark appropriated funds for the industrial development corporation will run afoul of Article 12, Section 5 of the Constitution of Arkansas. Article 12, 5 provides as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
It seems clear that the phrase "corporation, association, institution or individual" extends to an industrial development organization. The Arkansas Supreme Court has noted in reference to such an organization that "the local corporation organized under (Act 404 of 1955) is a non-profit private corporation organized by individuals who are, of course, public spirited citizens who want to see industrial development in their respective communities: but the corporation is a private corporation." Halbert v. Helena-West Helena Indus. Develop. Corp., 173 Ark. 1, 291 S.W.2d 802, 805 (1956). Article 12, 5 would therefore preclude the appropriation.
Alternatively, if the funds were not in fact initially earmarked for the development corporation, use of appropriated funds for any other purpose will be contrary to law. See Ark. Stat. Ann. 17-3901(d) (Repl. 1980).
The question then arises whether non-appropriated funds, that is revenue derived solely from hospital operations, may be used for this purpose. It is my opinion that Cost. Ark. Art. 12, 5 will in all likelihood also preclude the county hospital board from transferring non-appropriated funds to an industrial development corporation. Although there is no case law directly on point, the Arkansas Supreme Court's ruling in Halbert v. Helena-West Helena Indus. Develop. Corp., supra, is significant in this regard. The Court noted in that case that Act 404 of 1955 organizes the local development corporation as a non-profit private institution.291 S.W.2d at 806. It then proceeded to strike down as unconstitutional Section 20 of the Act which permitted a city, town, or county to purchase membership in such a corporation. (Act 47 of 1957 amended this provision to permit a city or town or any board, commission or other authority established by ordinance thereof to invest its surplus funds in the bonds or other obligations of an industrial development corporation.)
The Court cited Art. 12. 5, and held that "(i)t would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation. . . ." Id. A court would likely draw upon this language in ruling that the board of a county hospital cannot transfer funds to the corporation. Such a ruling would be premised upon the argument that the county would in effect be obtaining money for a "corporation, association, institution or individual" contrary to Const. Ark. Art. 12, 5; and that it cannot do indirectly what it is prohibited from doing directly.
The county is authorized under Ark. Stat. Ann. 13-1274 (Cum. Supp. 1985) to "own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning or otherwise, deal in or dispose of industrial facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county." However, an attempt to rely upon this provision as authority for the transfer of funds in question would in my opinion fail under Const. Ark. Art. 12, 5. The issue at hand involving a transfer of funds to a private development corporation can be distinguished from the activity envisioned under 13-1274.
A counterargument may also be premised upon the Arkansas Supreme Court's approval of a municipality's transfer of surplus funds to public charity. The Supreme Court permitted a city to appropriate money to the Fort Smith Federated Welfare Association in the case of Bourland v. Pollock, 157 Ark. 538, 249 S.W.2d 360 (1923), concluding that ". . . the work of the Welfare Association as set forth in this record was well within the sphere of the municipal government of the city of Fort Smith, and . . . section 5, article 12, supra, of the Constitution should be construed as if such governmental purposes were expressly authorized by it." 249 S.W.2d at 363. One might argue, similarly, that industrial development is a valid governmental purpose, as expressed by the General Assembly in laws relating to the issuance of industrial development revenue bonds. See, e.g. Ark. Stat. Ann. 13-1271 (Cum. Supp. 1985). An attempt to rely upon this permitted use of surplus funds for charity was, however, rejected by the Supreme Court in Halbert v. Helena-West Helena Industrial Development Corporation, supra. The Court noted in that case that the situation surrounding the gift to charity "is far different from the situation here." 291 S.W.2d at 806. And it continued by stating: (a)t all events, Neel v. City of Little Rock is a borderline case; and we refuse to extend the effect of its holding." Id. Neel v. City of Little Rock, 204 Ark. 568,163 S.W.2d 525 (1942) was decided based upon Bourland v. Pollock, supra.
The current state of the law on this issue is, therefore, relatively clear in prohibiting the transfer of public funds to an industrial development organization. It should be noted, however, that Act 1017 of 1985, codified at Ark. Stat. Ann. 13-1271 et seq. (Cum. Supp. 1985), does permit the investment of funds in revenue bonds issued under that Act. 13-1283 provides that "any municipality or county, or any board, commission or other authority thereof . . . may, in its discretion, invest any of its funds in the revenue bonds issued under the provisions of this Act. . . ."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.