The Honorable Jim Stallcup Prosecuting Attorney P.O. Box 550 Cherokee Village, AR 72525
Dear Mr. Stallcup:
This is in response to Deputy Prosecuting Attorney Stewart K. Lambert's request for an opinion regarding a proposed Sharp County resolution. The resolution pertains to guidelines for the use of county-owned equipment and on-duty personnel.
While the general subject of this proposed resolution would appear to be appropriately within the scope of county legislative powers, questions do arise concerning the use of county-owned equipment in connection with private property and "non profit organizations." (p. 2 of proposed resolution.) We are compelled to note in this regard that several provisions offer a potential basis for activity that is subject to challenge.
It must be initially recognized that there is authority for the proposition that county road machinery generally cannot be used to make improvements for private citizens. See, e.g., Cunningham v. Stockton, County Judge, 235 Ark. 345, 359 S.W.2d 808 (1962); Needham v. Garner, 233 Ark. 1006, 350 S.W.2d 194 (1961); Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984). The legislature has provided for improvements to roadways serving private property in rural areas where bad weather or other events may impair access to public roads. See A.C.A. 14-14-810. This provision is limited, however, to counties having a population of no less than seven thousand (7,000) not more than seven thousand five hundred (7,500), according to the 1980 Federal Decennial Census.
Thus, to the extent that this resolution purports to authorize the use of county-owned equipment for the maintenance of private roadways, it must be recognized that a challenge may ensue based upon an alleged misapplication of public funds. (Const. Ark. art. 16, 13). A similar analysis applies with regard to non-profit organizations. Although the courts have approved appropriations to quasi-governmental agencies, that is, those which perform governmental functions (see, e.g., Bourland v. Pollock, 157 Ark. 538,249 S.W.2d 360 (1923), the proposed resolution appears to make no distinctions in this regard. While this fact does not necessarily render the resolution facially invalid, the provision involving parking lot grading or maintenance should not be read to encompass non-profits generally.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.